**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Leon Walker, | No. CV-13-00498-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On March 7, 2013, Petitioner James Leon Walker, who is confined in the Arizona State Prison Complex in Florence, Arizona, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2001 convictions for attempted child molestation and attempted sexual conduct with a minor, and the trial court's imposition of an aggravated 15-year term of imprisonment to be followed by lifetime probation. The Court dismissed the petition for lack of jurisdiction with leave to amend on June 10, 2013, because Petitioner had failed to allege that he was in custody in violation of the Constitution or the law or treaties of the United States.  Doc. 8.  Petitioner filed an amended petition on June 13, 2013.  Doc. 9.  On July 23, 2013, the Court dismissed the amended petition without prejudice and with leave to amend because it found that the petition still lacked any statement that Petitioner is in custody in violation of the Constitution or the law or treaties of the United States.  Doc. 10.

Petitioner filed a second amended petition on July 30, 2013.  Doc. 11.  United States Magistrate Judge David K. Duncan issued a report and recommendation ("R&R") recommending that the second amended petition be denied and dismissed with prejudice.

Doc. 23. Petitioner filed objections to the R&R on January 21, 2014. Doc. 24. The Court will accept the R&R and dismiss the second amended petition, but it will do so without prejudice.

## I. Background.

Following his 2001 conviction in state court, Petitioner filed a petition for writ of habeas corpus on December 8, 2004. This Court dismissed the petition as untimely on March 15, 2006. *See* Doc. 18 in CIV-04-2817-PHX-DGC (DKD). On November 29, 2006, Petitioner filed a second petition for writ of habeas corpus in which he challenged the same convictions and sentences. On February 22, 2007, this Court dismissed the petition without prejudice in order to allow Petitioner to seek leave from the Ninth Circuit Court of Appeals for certification authorizing the district court to consider the petition. *See* Doc. 11 in CIV-06-2863-PHX-DGC (DKD). The court of appeals denied Petitioner's application for authorization to file a second petition. Doc. 22 at 152. This case involves Petitioner's third petition challenging the 2001 convictions and sentences. Petitioner has not obtained certification from the court of appeals to file a successive petition.

## II. Discussion.

Before filing a second or successive petition for writ of habeas corpus in federal district court challenging the same conviction, a state prisoner must move in the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Respondent argues that this Court lacks jurisdiction to consider the petition because Petitioner has not obtained an order from the court of appeals authorizing this Court to consider the petition. Doc. 22 at 4. Petitioner appears to argue that the Court should nevertheless consider his petition because it granted him two opportunities to amend his petition and because Respondent's assertion that this Court lacks jurisdiction is untimely. Doc. 24 at 2. Petitioner has cited no authority for his arguments and has not argued that his petition is not successive. The Court agrees with Respondent that it lacks jurisdiction to consider Petitioner's successive petition at

this time. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding where petitioner did not receive authorization from the court of appeals to file second or successive petition, "the District Court was without jurisdiction to entertain [the petition.]"). The Court, however, will dismiss the case without prejudice so that Petitioner can seek certification from the Ninth Circuit to file a second or successive section 2254 petition.

The Court will direct the Clerk of Court to provide Petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

**IT IS ORDERED:**

1. Petitioner's Second Amended Petition (Doc. 11) and this action are **dismissed without prejudice**, and the Clerk of Court must **enter judgment** accordingly.

2. The Clerk of Court must provide Petitioner with a copy of the form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

Dated this 4th day of February, 2014.

David G. Campbell
United States District Judge